D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
45 Broadway, Suite 320
New York, NY 10006
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Named Plaintiff, proposed FLSA*
*Collective Plaintiffs, and proposed Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x

| | |
|---|---|
| **JAFOR UDDIN, on behalf of himself and others similarly situated,** | **CASE NO.: 1:25-cv-9027** |
| **Plaintiff,** | **<u>COMPLAINT</u>** |
| v. | **FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION** |
| **93 LUDLOW ST. INC., d/b/a THE DL NYC, ALEKSANDRA DROZD and PAUL SERES,** | **DEMAND FOR JURY TRIAL** |
| **Defendants.** | |

---------------------------------------------------------x

Plaintiff, on behalf of himself and all others similarly situated, alleges as follows:

<u>**JURISDICTION AND VENUE**</u>

1.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.     Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

<u>**THE PARTIES**</u>

3.      Defendant 93 Ludlow St. Inc. d/b/a The DL NYC ("The DL NYC'") is a New York limited liability company that owns and operates a club and bar called The DL located in the Lower East Side of Manhattan.

4.      Upon information and belief, at all relevant times The DL NYC's annual gross volume of sales has exceeded $500,000.

5.      The DL NYC has employees engaged in interstate commerce and handling, selling, or otherwise working on goods and materials that have been moved in or produced for interstate commerce.

6.      Defendant Aleksandra Drozd is an owner of The DL NYC.

7.      Defendant Drozd actively manages The DL NYC and is frequently present at the club overseeing its general affairs.  While at the restaurant she regularly meets with the general manager and other managers to discuss day-to-day management issues, including personnel issues. She also on occasion directed Plaintiff and other employees with specific work assignments.

8.      Defendant Drozd is listed with the New York Liquor Authority as a principal of the DL Group.

9.      Defendant Paul Seres was an owner of The DL NYC during the period of Plaintiff's employment.

10.     Defendant Paul Seres actively managed The DL NYC and was frequently present at the club overseeing its general affairs.  While at the restaurant he regularly met with the general manager and other managers to discuss day-to-day management issues, including personnel issues. He also on occasion directed Plaintiff and other employees with specific work assignments.

11.     Defendant Seres is listed with the New York Liquor Authority as a principal of the DL Group.

12.    Plaintiff Jafor Uddin resides in New York.  Plaintiff worked for Defendants as a barback and bartender at The DL NYC from 2013 until January 2024.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13.    Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all servers, bartenders, barbacks, runners, and bussers employed by Defendants at The DL NYC on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

14.    At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules of willfully and illegally retaining their tips. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

15.    The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purpose of notice and other purposes related to this action, their names and contact information are readily available from the Defendants.  Notice can be provided to the FLSA Collective Plaintiffs via first class mail, email, and text message to the last address, email address, and phone number known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

16.    Plaintiff brings the Second, Third, and Fourth Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all servers, bartenders, barbacks, runners, and bussers employed by Defendants at The DL NYC on or after the date that

is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

17.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable.   The number and identity of the Class members are determinable from the records of Defendants.  The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under said F.R.C.P. 23.

18.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are more than fifty (50) members of the Class.

19.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.  All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage compensation, illegal retention of tips, and failing to provide required wage notices and wage statements.  Defendants' company-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member.  Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

20.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

21.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In

addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

22.    Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

23.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)    Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law.

b)    At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class members for their work.

c)    Whether Defendants paid Plaintiff and the Class members the minimum wage for all hours worked.

d)    Whether Defendants provided Plaintiff and Class members with proper wage notices and wage statements.

e)    Whether Defendants retained and/or misappropriated Plaintiff's and the Class Members' tips.

## **FACTS**

24.    Plaintiff's Consent to Sue form is attached as Exhibit A.

25.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

26.     Defendants paid Plaintiff less than the full New York minimum wage.  For example, in 2023, Defendants paid Plaintiff $10 per hour in 2023, when the full minimum wage was $15.  Defendants took a tip credit in order to pay Plaintiff less than the minimum wage.

27.     However, Defendants were not entitled to pay Plaintiff and other tipped employees the lower tip credit minimum wage, because they never provided written notice that they were taking a tip credit, as required by New York law.

28.     In addition, Defendants were not allowed to pay Plaintiff less than the full minimum wage because they regularly required him to perform more than two hours per shift of non-tipped work.

29.     For example, when Plaintiff worked a Friday shift, he began serving customers at 4:00 p.m.   However, he was required to arrive at 2:00 or 2:30 p.m. to clean glass and silverware and was then required to perform the same type of non-tipped work for more than 30 minutes at the end of his shift.

30.     Defendants also did not pay Plaintiff for all his hours worked.  Specifically, Defendants regularly "shaved" Plaintiff's time, by paying for less hours than he actually worked.

31.     For example, for the pay period covering 2/13/2023-2/19/2023, Plaintiff worked and was clocked in for 22.45 hours.  Defendants paid him for only 21.12 hours.

32.     For the pay period covering 5/8/2023-5/14/2023, Plaintiff worked and was clocked in for 26.07 hours.  Defendants paid him for only 24.88 hours.

33.     Defendants regularly stole tips from their service staff.

34.     Specifically, Plaintiff regularly worked private events at which Defendants charged customers service charges equal to a percentage of the food and beverage charges.  Customers paid these amounts and regularly paid additional voluntary gratuities on top of those charges.

35.     Defendants failed to distribute the service charges or the additional voluntary gratuities to the service staff that worked the events.  Instead, Defendants paid servers working those events flat hourly rates.

36.     Defendants never gave Plaintiff any written wage notice properly informing him about the tip credit.  Because Defendants did not provide Plaintiff with a written wage notice that included notice of the tip credit, Defendants' use of a tip credit was an underpayment of wages. In other words, Defendants' violation of the New York Labor Law's wage notice requirement resulted in Plaintiff being paid less than he was entitled to.

37.     Defendants did not give Plaintiff paystubs that included the tip credit that Defendants were taking against the minimum wage owed Plaintiff, in violation of New York Law.

38.     As a result of this violation combined with Defendants' failure to give Plaintiff appropriate notice of the tip credit, Plaintiff was unaware that he was illegally being paid pursuant to a tip credit and did not pursue full payment until the instant lawsuit.

39.     Defendants knew that nonpayment of minimum wage and improperly stealing tips would economically injure Plaintiffs and violated federal and state laws.

**FIRST CLAIM FOR RELIEF**
**(FLSA Illegal Deductions from Gratuities, 29 U.S.C. § 201, *et seq.*)**
**(Brought by Plaintiff on Behalf of Himself**
**and the FLSA Collective Plaintiffs)**

40.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

41.     At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

42.     At all relevant times, Defendants have employed, "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

43.     During the statute of limitations period covered by these claims, Defendants knowingly retained/misappropriated gratuities belonging to Plaintiff and the FLSA Collective Plaintiffs.

44.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid gratuities, liquidated damages as provided by the FLSA, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
**(New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq.*)**
**(Brought by Plaintiff on Behalf of Himself and the Class)**

45.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

46.     Defendants knowingly paid Plaintiff and the Class members less than the New York State minimum wage for all hours worked.

47.     As a result of Defendants' unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

### THIRD CLAIM FOR RELIEF
**(Illegal Deductions from Gratuities, N.Y. Lab. L. § 196-d)**
**(Brought By Plaintiff on Behalf of Himself and the Class)**

48.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

49.     Defendants retained/misappropriated portions of Plaintiff's and Class Members' tips.

50.     As a result of Defendants' unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

### FOURTH CLAIM FOR RELIEF
**(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)**
**(Brought by Plaintiff on Behalf of Himself and the Class)**

51.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

52.     Defendants did not provide Plaintiff and the members of the Class with the notices/statements required by N.Y. Lab. Law § 195.  For example, Defendants did not give Plaintiff or members of the Class any notices regarding their pay rates, and the paystubs for Plaintiff and members of the Class did not accurately reflect all the required information.

53.     As a result of Defendants' unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, post-judgment interest, and costs and attorneys' fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

A.     Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the

pendency of this action, and permitting them to assert timely FLSA claims and state

claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C.

§ 216(b);

B.      Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

C.      Designation of this action as a class action pursuant to F.R.C.P. 23.

D.      Designation of Plaintiff as Representative of the Class.

E.      An award of damages, according to proof, including liquidated damages, to be paid

by Defendants;

F.      Penalties available under applicable laws;

G.      Costs of action incurred herein, including expert fees;

H.      Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 198,

663 and other applicable statutes;

I.      Pre-judgment and post-judgment interest, as provided by law; and

J.      Such other and further legal and equitable relief as this Court deems necessary, just

and proper.

Dated:  New York, New York
        October 30, 2025

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: /s/ *D. Maimon Kirschenbaum*
    D. Maimon Kirschenbaum
    45 Broadway, Suite 320
    New York, NY 10006
    Tel: (212) 688-5640
    Fax: (212) 981-9587

*Attorneys for Named Plaintiff, proposed*
*FLSA Collective Plaintiffs, and proposed*
*Class*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.