JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas Buzzard
Leah Seliger
Michael DiGiulio

45 Broadway, Suite 320
New York, NY 10006
Tel: 212-688-5640
Fax: 212-981-9587
www.jk-llp.com

April 14, 2026

**VIA ECF**

Hon. Margaret M. Garnett
United States District Court
Southern District of New York
40 Foley Square
Courtroom 906
New York, NY 10007

> **Re:   Uddin v. 93 Ludlow St. Inc., d/b/a The DL NYC, et al.**
> **No 25 CV 9027**

Dear Judge Garnett:

   We represent the Plaintiff in the above Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") action.  I write to respectfully request that the Court approve the parties' settlement agreement pursuant to *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). The parties' executed settlement agreement is submitted herewith as Exhibit 1 ("Agreement").

### I.      Background

   Defendants[1] own and operate a club and bar known as The DL NYC in Manhattan (the "DL"). Plaintiff worked at the DL as a barback and a bartender from 2013 through January 2024. Plaintiff alleges claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Specifically, Plaintiff's Complaint alleges that Defendants: (1) failed to properly pay him the proper minimum wage and overtime premiums because they unlawfully took advantage of a tip credit under New York law despite failing to notify Plaintiff that a tip credit was being applied to their wages, *see* N.Y. Codes, Rules and Regulations ("NYCRR") § 146-1.3; (2) failed to pay Plaintiff for all hours he worked by manipulating clock in and out time; (3) misappropriated tips by not distributing service charges and other gratuities paid by customers at private events, and (4) failed to provide Plaintiff with the appropriate wage notices and wage statements as

---

[1] Defendant Paul Seres is no longer an owner or currently associated with the DL NYC. As such, the parties have agreed to dismiss all of the claims against him with prejudice and on April 14, 2026, the parties filed a joint stipulation of dismissal for him. *See* Dkt. No. 19. As such Defendant Seres has not signed, and is not a party to, the Agreement.

1

required under the NYLL, *see* NYLL §§ 195(1), (3).[2] Defendants deny Plaintiff Jafor Uddin's allegations.

The parties exchanged pre-mediation discovery as ordered by the Court (Dkt. No. 9) and attended a Court-annexed mediation with mediator Brian Gallagher on March 3, 2026.  At the end of the mediation, Mr. Gallagher made a mediator's proposal, which both parties subsequently accepted.

## II.    The settlement is fair and reasonable and should be approved

To determine whether an FLSA settlement is fair and reasonable, courts consider "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion."  *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).  Applying these factors, the settlement should be approved.

Here, the total value of the settlement of Plaintiff's FLSA and NYLL claims is $17,500. In light of Plaintiff's totaled calculated damages, this is a reasonable settlement. Plaintiff based his damages calculation on Defendants' payroll records and his own recollection and estimated that his total unpaid wages are approximately $38,000. Plaintiff estimated his tip credit damages (i.e., the amount he is owed for Defendants' alleged failure to provide written notice of the tip credit) at $14,888.54. Notably, only a small fraction of this amount can be attributed to FLSA damages – i.e., overtime damages. While Plaintiff worked overtime, the damages for FSLA overtime violaitons is likely only few thousand dollars.[3] Plaintiff also estimated his off the clock damages were about $3,000, and the unpaid service charge claim was approximately $20,000.  Plaintiff could also recover liquidated damages equal to the amount of his unpaid wages compensation and $10,000 in penalties for violatons of N.Y. Lab. L. § 195(1), (3). Here, in light of the risks and time associated with litigation and Plaintiff's estimate that his compensatory damages could reach $38,000, Plaintiff's decision to settle for about ½ of this amount, $17,500, is reasonable.

Plaintiff faced substantial risks in establishing liability. The parties vigorously dispute whether or not Plaintiff received adequate written notice of the tip credit (and the legal effects of such notice), whether or not Plaintiff worked any off the clock time, and whether or not the service charge was fully distributed to Plaintiff via the tip pool. In addition, Defendants dispute whether Plaintiff even has standing to bring his wage notice and statement claims in Federal Court. *See e.g., Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300 (2d Cir. 2024). Also, Defendants claim that Plaintiff signed an arbitration agreement, which Plaintiff vigorously disputes. This issue poses additional risk for Plaintiff's case. In light of these contested issues, and in light of Defendants'

---

[2] While Plaintiff initially brought this case as a class and collective action under the FLSA and the NYLL, because no class or collective has been certified and Plaintiff has settled his claims on an individual basis only, we do not address the class claims herein.

[3] Plaintiff's damages calculation was based on Defendants' pay records and analyzed the minimum wage and overtime damages collectively and did not separate out these damages categories.

production of documents supporting their positions, Plaintiff's choice to settle his claims for a sum certain now is reasonable and should be credited by the Court.

Even if Plaintiff established liability, he would face challenges attaining the maximum recovery described above. First, both parties have produced documents supporting their positions that regarding Plaintiff's off the clock claims, and there is substantial risk that Plaintiff's documents showing how much time he worked off the clock would not be credited by a jury and thus his damages could be reduced accordingly. Second, Defendants maintain that their pay records will show that service charges were paid accordingly, but even if they do not, any underpayments were minimal and not at the amounts Plaintiff alleges. As such, even if Plaintiff establishes liability, there is risk that he may not recover the full amounts in his damages calculation.

This settlement was reached via mediation through the Court's mediation program. Thus, negotiations were conducted at arms'-length and were free of fraud and collusion. The parties resolved this case based on a mediator's proposal, indicating the fairness of the overall amount. The non-monetary terms of the settlement are also reasonable. The release of claims is limited to wage and hour claims. *See Shkolir v. Rx2Go, Inc.*, No. 23 CV 7256, 2025 U.S. Dist. LEXIS 151606, at *1 (E.D.N.Y. Aug. 6, 2025) (approving settlement where release is limited to wage and hour claims). The agreement does not contain a non-disparagement provision, a confidentiality provision or or any other objectionable terms. *See cf Brittle v. Netamorphosis, LLC*, No. 20 Civ. 3880, 2021 U.S. Dist. LEXIS 12309, at *7-9 (S.D.N.Y. Jan. 22, 2021) (rejecting FLSA settlement, in part, because of impermissible confidentiality provision).

Finally, Plaintiff's attorneys' fees are reasonable and not excessive. Plaintiff's counsel will receive $5,833.33 from the settlement, or one-third of the total settlement amount, as fees and costs. Plaintiff's costs in this case are $598.63, which consists of a $405 filing fee and $193.63 for service of process costs. *See* Exhibit 2 (costs receipts). Plaintiff's counsel's share of the settlement is consistent with the terms of the retainer agreement signed by Plaintiff. The "percentage of the settlement amount" method for determining a reasonable fee is "appropriate and commonly applied in FLSA cases" in this Circuit. *Velasquez v. Digital Page, Inc.*, 2016 U.S. Dist. LEXIS 84554, at *4 (E.D.N.Y. June 28, 2016); *accord Fang Xiao v. Grand Sicuan Int'l St Marks, Inc.*, No. 14 CV 9063, 2016 U.S. Dist. LEXIS 99669, at *6-7 (S.D.N.Y. July 29, 2016) (applying the percentage of the fund method); *see also McDaniel v. County of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010) (observing that "the trend in this Circuit is toward the percentage of the fund method"). Using this method, "[c]ontingency fees of one-third in FLSA cases are routinely approved in this Circuit.[]" *Quispe v. Stone & Tile Inc.*, 583 F. Supp. 3d 372, 380 (E.D.N.Y. 2022); *see also Torres v. Gristede's Operating Corp.*, 519 F. App'x 1, 5 (2d Cir. 2013) (characterizing one-third as the "standard contingency-fee level[]" in FLSA case); *Zeng Xiang Hiang v. Ai Chu Chiang*, No. 16 CV 1129, 2016 U.S. Dist. LEXIS 142670, at *7 (S.D.N.Y. Oct. 14, 2016).

Plaintiff's counsel's fee is reasonable not only in light of the retainer agreement but also in light of Plaintiff's counsel's experience and work on the case. Plaintiff's counsel are highly experienced in representing employees in wage and hour actions. Joseph & Kirschenbaum LLP ("JK") is a law firm dealing almost exclusively with employees' rights. Specifically, the firm represents employees in wage/hour and employment discrimination matters. The attorney biller

in this case is Michael DiGiulio (the undersigned). I graduated from Vermont Law School in 2014 and joined JK in 2020. Prior to joining JK, I clerked on the United States Court of Appeals for the Second Circuit and practiced environmental law as an associate attorney for Super Law Group. The majority of my docket at JK consists of individual and class/collective wage and hour actions, and employment discrimination/retaliation cases. My rate of $350 per hour is reasonable and has been approved in this District. *See e.g., Martinenko v. 212 Steakhouse, Inc.*, No. 22 CV 518, 2024 U.S. Dist. LEXIS 231925, at *10-11 (S.D.N.Y. Dec. 23, 2024). Courts have also approved this rate for other attorneys with similar experience. *See Wen Bin Gao v. Lucky Brother Inc.*, Case No. 17-cv-8159, 2020 U.S. Dist. LEXIS 100811, at *4-7 (S.D.N.Y. June 9, 2020) (awarding associate rate of $350 in FLSA case); *Calixto v. Gomez Enters. USA Corp.*, Case No. 17-cv-9617, 2019 U.S. Dist. LEXIS 6592, at *5-6 (S.D.N.Y. Jan. 11, 2019) (awarding associate rate of $350 per hour for an attorney with 4 years of experience in an FLSA case). I spent approximately 29.5 hours on this case, for a total of $10,325 (29.5 hours x $350 per hour).

Courts in this Circuit have also approved a rate of $125 for the work of our firm's support staff. *E.g.*, *Martinenko*, 2024 U.S. Dist. LEXIS 231925, at *9-10. These rates are consistent with those deemed reasonable for partners and paralegals in this District. *See Rubin v. HSBC Bank USA, N.A.*, No. 20 CV 4566, 763 F. Supp. 3d 233, 244 (E.D.N.Y. Jan. 21, 2025) (finding $450-$650 for partners and $100-$150 for paralegals to be reasonable hourly rates in this District). Plaintiff's support staff billed 1.88 hours for a total of $235.00 (1.88 hours x $125.00 per hour). [4]

In total, Plaintiff's counsel spent at least 31.38 hours litigating this action, as reflected in the time records submitted herewith as Exhibit 3. Plaintiff's counsel's total lodestar in this action is at least $10,560, which is more than the requested fee and cost award. *See* Ex. 3. Thus, the $5,833.33 that is allocated to Plaintiff's counsel in the settlement agreement amounts to approximately 55% of the lodestar amount. Because this lodestar multiplier is less than one, this Court may find the "fees presumptively reasonable" and "need not assess the reasonableness of the rates charged." *Villanueva v. 179 Third Avenue Rest. Inc.*, No. 16-cv-8782 (AJN), 2018 U.S. Dist. LEXIS 116379, at *8 (S.D.N.Y. July 12, 2018). As such, the fee award is objectively reasonable.

For the foregoing reasons, the parties respectfully request that the Court approve the settlement agreement and so order the stipulation of dismissal. We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Michael DiGiulio
Michael DiGiulio

cc: All counsel (via ECF)

---

[4] One legal assistant – Andrew Deternoz billed time in this case. Mr. Deternoz joined JK in March 2025. He received his B.A. from the University of Houston in 2016 and had approximately 13 months of paralegal experience before joining JK. Mr. Deternoz billed 1.88 hours for a total of $235.00.