# EXHIBIT  1

## <u>SETTLEMENT AGREEMENT AND RELEASE</u>

This Agreement and Release ("Agreement") sets forth the mutual understanding between **JAFOR UDDIN** (hereinafter referred to as "Plaintiff") and **93 LUDLOW ST. INC., ALEKSANDRA DROZD** and **PAUL SERES** (hereinafter referred to as "Defendants") regarding Plaintiff's employment and the settlement of any and all wage-and-hour and employment related claims that Plaintiff has or may have against Defendants.

**WHEREAS**, Plaintiff has commenced an action against Defendants in the Southern District of New York, United States District Court, bearing Docket No.: 1-25-cv-9027 alleging wage and hour violations under the Fair Labor Standards Act and New York Labor Law (the "Action").

**WHEREAS,** Defendants deny that they failed to pay Plaintiff all wages owed to him;

**WHEREAS**, Defendants do not admit any violation of law or any liability to Plaintiff;

**WHEREAS,** Plaintiff and Defendants mutually desire to settle and resolve all disputes and differences between them, on the terms and conditions hereinafter set forth;

**NOW, THEREFORE,** in consideration of the mutual promises contained in this Agreement, Defendants and Plaintiff, having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

1. **<u>Payment</u>**

In lieu of incurring further litigation costs associated with defending the action commenced against them by Plaintiff and in consideration for Plaintiff's execution of this Agreement, which includes a release, Defendants agree to the following payment terms:

a.      Defendants shall cause Plaintiff to be paid the gross sum of Seventeen-Thousand Five-Hundred Dollars and Zero Cents ($17,500.00) inclusive of attorneys' fees and costs ("Settlement Funds"), payable and to be apportioned as follows:

**(a)** A check in the amount of **($5,833.34)** less applicable taxes and withholdings, for which a Form W-2 shall be issued payable to **Plaintiff Jafor Uddin**;

**(b)** A check in the amount of **($5,833.33)** for which a Form 1099-MISC shall be issued payable to **Plaintiff Jafor Uddin**;

**(c)** A check in the amount of **($5,833.33)** for which a Form 1099-MISC shall be issued to **Joseph & Kirschenbaum LLP, as attorneys**, for attorney's fees and costs.

b.      The Settlement Funds will be provided directly to the payees as detailed above.

1

c.   In the event that the Court does not approve this Agreement prior to the any of the payment dates identified in Paragraph 1(a)-(b) all previously due payments shall be made within 14 business days of Court approval of this Agreement.

d.   Defendants shall deliver, or cause to be delivered payments, only after the parties receive notice that the Court has approved this Agreement, provided that, prior to such payments being due, Plaintiff and Plaintiff's Counsel, shall all have delivered to Defendant's counsel an IRS Form W-9 and/or and IRS Form W-4 and Plaintiff's Counsel delivered an executed Stipulation of Dismissal with Prejudice (**Exhibit A**). It is specifically understood and agreed that the Settlement Funds includes all attorneys' fees and costs to which Plaintiff and/or their attorneys may be entitled.

e.   The Parties agree that should any federal, state or local taxes be determined to be owed by any party on the payment of the sums received by Plaintiff under this paragraph, each party shall be solely and completely responsible for his, her or its taxes, interest or penalties. Defendants do not make any representations or guarantees as to the tax consequences of the Settlement Payment. Neither the Defendants nor Plaintiff's Counsel have made any representations or guarantees to Plaintiff as to whether these payments will result in tax liability to Plaintiff, or any tax consequences relating to payment of the Settlement Amount to Plaintiff, and Plaintiff will be solely responsible for any taxes, penalties and/or interest owed without any additional compensation from Defendants. Plaintiff has not relied upon any representation by Defendants or their attorneys on the subject of taxes related to the Settlement Amount. Plaintiff shall be solely responsible for any and all such taxes which may be due as a result of his receipt of the Settlement Amount. Plaintiff further agree to accept full, complete, sole and entire responsibility for any tax liability, withholding liability, interest or penalty that may be assessed against or incurred by the Parties as a result of not withholding taxes on any monies paid pursuant to this Agreement and to fully indemnify and hold the Defendants harmless against such liability. If any Party to this Agreement receives notice from any taxing authorities regarding the payment hereunder, the Party will provide the other Parties with a copy of such notice, within a reasonable period, and Plaintiff shall address any requests made by such taxing authority. Plaintiff understands that, in the event that the Defendants are required to enforce the terms of this indemnification and hold harmless provision, Plaintiff will reimburse such party for its reasonable attorneys' fees and costs associated with such enforcement.

2.   **Stipulation of Dismissal**

Counsel for Plaintiff or Defendants shall file a stipulation of dismissal with prejudice (**Exhibit A**) as to all claims brought in this action within seven (7) days of Plaintiff's counsel's receipt of payments identified in Paragraph 1.

3.   **Settlement of Claims**

Except as otherwise stated, upon execution of this Agreement, all claims brought, or which could have been brought, under the Complaint (**Docket No.: 1:25-cv-9027**) by Plaintiff against

2

Defendants, including claims for wages, liquidated damages, statutory penalties and attorneys' fees and without admission that Plaintiff has established that any such claims have any merit or that Plaintiff has incurred any damages, shall be deemed settled, satisfied and resolved.

### 4. Non-Admission

This Agreement does not constitute an admission that Defendants have violated any law, committed any tort, breached or committed any wrongdoing whatsoever and Plaintiff expressly acknowledges that Defendants continue to deny any wrongdoing arising out of Plaintiff's employment and separation thereof.

### 5. Representations

Plaintiff understands and agrees that he has been advised to consult with an attorney before signing this Agreement.

### 6. Release

In consideration of the payments to be provided by Defendants as described in the Agreement, Plaintiff, for himself, his heirs, executors, administrators and his successors and assigns, **HEREBY RELEASES AND FOREVER DISCHARGES**, to the maximum extent permitted by law, Defendants, Defendants' corporations, affiliated entities, subsidiaries, members, partners, representatives, employees, heirs, predecessors, their respective current and former officers, owners, agents, whether as individuals or in their official capacity, and each of their respective successors and assigns, attorneys, whether as individuals or in their official capacity, and each of their respective successors and assigns of and from all or any manner of actions, causes and causes of action, suits, obligations, damages, complaints, liabilities, losses, covenants, contracts, controversies, agreements, promises, and expenses (including attorneys' fees and costs), whatsoever at law or in equity ("claims"), which were alleged in the Complaint filed in this action, specifically including Fair Labor Standards Act (the "FLSA") and New York Labor Law ("NYLL"), and its associated regulations concerning unpaid wages, record-keeping violations and failure to provide proper wage notice or wage statements, or based on or arising out of any acts, omissions, conduct, thing or matter from the beginning of time up to and including the date the District Court dismisses the Action with prejudice, (a) relating to or arising out of wages, hours, overtime, or wage deductions, and (b) arising under or for alleged violations of the Fair Labor Standards Act and/or the New York Labor Law or associated regulations and laws. This release and waiver include any claim for attorneys' fees, expenses and costs in connection with any of the claims released hereby which Plaintiff ever had or now has against the Defendants.

This Agreement and Release does not extend to those rights that as a matter of law cannot lawfully be waived and does not release any claims that arise after Plaintiff signs this Agreement. This Agreement also does not prohibit Plaintiff from cooperating with, participating in, or testifying in any investigation by any government agency, however, this Agreement shall prevent Plaintiff from receiving any monetary benefit, personal recovery, equitable relief, or reinstatement as a result of any such charge with the EEOC, or any other governmental agency complaint or investigation. Nothing in this Release limits a Party's right to enforce the terms of this Agreement. Nothing herein will limit or preclude Plaintiff from applying for or receiving Unemployment

Insurance benefits or Workers' Compensation benefits to the extent he is eligible for such benefits now or becomes eligible for such benefits in the future. However, Plaintiff does affirmatively state and represent that he is currently unaware of any disability claim or Workers' Compensation injury that he believes was sustained during the course of his employment with Defendants.

### 7.     Attorneys' Fees

Except as otherwise stated herein, the parties expressly agree to bear their own attorneys' fees, costs and disbursements incurred in this litigation. Except as otherwise stated herein, further, no party shall be responsible or liable for the payment of any attorneys' fees for the other party.

### 8.     Waiver of Jury Trial

Each of the Parties irrevocably waives any and all rights to trial by jury in any legal proceeding arising out of or related to this Agreement or any performance or failure to perform any obligation under this Agreement.

### 9.     Governing Law

The governing law of this Agreement shall be the substantive and procedural laws of the State of New York without regard to its conflict of laws provisions.

### 10.     Oral Modifications Prohibited

This Agreement represents the entire agreement between Plaintiff and Defendants with respect to Plaintiff's employment with Defendants. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

### 11.     Covenant Not to Sue

Except as otherwise provided for herein, Plaintiff promises never to file any charge, claim, complaint, grievance, demand for arbitration or lawsuit against the parties released herein or allow any other party acting on his behalf to do so based on any of the claims released herein. Plaintiff further confirms that, except for the Action and the New York State Division of Human Rights Charge bearing Charge No. 10258876, he has not caused or permitted any charge, complaint, grievance, lawsuit or any other action or proceeding whatsoever to be filed against any of the parties released herein as of the date of this Agreement.

### 12.     Enforcement of the Agreement

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

### 13.     Effective Date

This Agreement and Release shall become effective immediately upon Court approval.

4

**14.    <u>Counterparts</u>**

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

**15.    <u>Severability</u>**

If any of the provisions, terms, clauses, waivers or releases of claims or rights in this Agreement are declared illegal, unenforceable or ineffective in a legal forum of competent jurisdiction, then such provisions, terms, clauses, waivers or releases of claims or rights shall be deemed severable, so that all other provisions, terms, clauses, waivers and releases of claims and rights in this Agreement shall remain valid and binding upon the Parties.

**16.    <u>Reservation Of Rights</u>**

Nothing in this Agreement shall prevent Plaintiff from invoking Plaintiff's rights before a federal, state, or local governmental agency or from participating in, or cooperating with, a complaint or charge filed by someone else with any such agency. Nor shall this Agreement prevent Plaintiff from receiving an award from such agency. However, any money paid to or on behalf of Plaintiff under this Agreement will prevent Plaintiff from recovering any additional money from Defendant.

*signature page to follow*

5

**PLAINTIFF:**

Signed by:

*Jafor Uddin*

770D48A75482AE4

**JAFOR UDDIN**

**Date:** 3/20/2026

**PLAINTIFF:**

**DEFENDANTS:**

**93 Ludlow St., Inc. and Aleksandra Drozd and Paul Seres, as individuals**

*Aleksandra Drozd*

Agent Authorized to sign on behalf of **93 Ludlow St. Inc.**

**Date:** 3/31/26

*Aleksandra Drozd*

**ALEKSANDRA DROZD,** as an individual

**Date:** 3/31/26

**PAUL SERES,** as an individual

**Date:**

6

# **<u>EXHIBIT A</u>**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jafor Uddin, on behalf of himself and others similarly situated, | Case No. 1:25-cv-9027 (MMG) |
| Plaintiff, | |
| v. | STIPULATION OF DISMISSAL WITH PREJUDICE |
| 93 LUDLOW ST. INC., d/b/a THE DL NYC, ALEKSANDRA DROZD, and PAUL SERES, | |
| Defendants. | |

**IT IS STIPULATED AND AGREED** by and between counsel for the parties in the above-referenced action that the Complaint is hereby withdrawn in its entirety and the action, and all claims asserted therein, is hereby voluntarily dismissed with prejudice. All parties shall bear their own costs and attorneys' fees.

**JOSEPH & KIRSCHENBAUM LLP**

*Michael DiGiulio*

Mike DiGiulio
45 Broadway, Suite 320
New York, NY 10006
Tel: (212) 688-5640
mike@jk-llp.com

*Attorneys for Plaintiff*

**BOND, SCHOENECK & KING, PLLC**

Jason F. Kaufman
600 Third Avenue, 22nd Floor
New York, New York 10016
(646) 253-2303
jkaufman@bsk.com

*Attorneys for Defendants*

8